UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61446-CV-ALTMAN

**LEROY DAVIS**,

*Petitioner*,

*v.*

**MARK S. INCH**,

*Respondent*.

_____/

## ORDER

The Petitioner, Leroy Davis, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Petition [ECF No. 1]. In the Petition, Davis challenges his conviction and sentence, entered in the State Circuit Court of Broward County, Florida. *Id.* (attacking sentence in Broward Circuit Court Case No. 82004054CF10B). The Court referred the Petition to United States Magistrate Judge Lisette M. Reid, who issued a Report and Recommendation. *See* Report [ECF No. 10]. In her Report, the Magistrate Judge recommended that this Court dismiss the Petition as time-barred. *Id.* at 8. The Petitioner timely objected to certain portions of the Report. *See* Objections [ECF No. 11].

In his Objections, the Petitioner contests only the Report's determination that his Petition is time-barred. *See generally id.* He avers that, because his claims relied on *Miller v. Alabama*, 567 U.S. 460 (2012),[1] and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016),[2] his Petition is timely under 28 U.S.C. §

---

[1] In *Miller*, the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479. Thus, "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Id.* at 489.

[2] In *Montgomery*, the Court held that *Miller* is retroactively applicable on collateral review. 136 S. Ct. at 736.

2244(d)(1)(C). *See id.* For the reasons set out below, the Court now **ADOPTS** the Report **in part** and **DISMISSES** the Petition.

## THE FACTS

In 1983, a Florida jury convicted the Petitioner of first-degree murder and armed robbery. *See* 2014 Order Denying Defendant's Motion to Correct Illegal Sentence ("2014 Order") [ECF No. 1] at 18; *see also* Broward County Criminal Docket Sheet ("Criminal Docket") [ECF No. 9-1] at 4, 19. Soon after, the Florida state court sentenced the Petitioner—who was not yet 18 when he committed the offenses—to life in prison, with a mandatory minimum sentence of 25 years. *See* 2014 Order at 18. Notably, the Petitioner's sentence *included* the possibility of parole. *See id.*; *see also* 2019 Order Denying Defendant's Motion to Vacate, Set Aside, or Correct Sentences ("2019 Order") [ECF No. 1] at 24–26. On April 24, 1985, the Fourth District Court of Appeal ("Fourth DCA") affirmed the Petitioner's conviction and sentence on the charge of felony murder. *See Davis v. State*, 468 So. 2d 1023, 1023 (Fla. 4th DCA 1985) ("The conviction and sentence for felony murder is affirmed. The conviction of robbery, the underlying felony, cannot stand[.]"). In the 35 years since, the Petitioner has launched a farrago of collateral assaults on his state conviction and sentence. *See* Petition; *see generally* Criminal Docket.

As relevant here, on April 10, 1997, the Petitioner filed in the state trial court a petition for a writ of habeas corpus. *Id.* at 12; *see also* Petition at 5; Report at 3. The state trial court denied the petition, and the Fourth DCA affirmed—issuing its mandate on October 16, 2001.[3] *See* Criminal Docket at 11. The Petitioner did not file anything else on the Criminal Docket until April 1, 2008. *See id.*; *see also* Report at 3.

---

[3] The Report erroneously stated that the Fourth DCA issued its mandate on October 12, 2001. *See* Report at 3.

The Petitioner filed this Petition on July 13, 2020. *See* Petition at 17. On the applicable form, where habeas litigants should (and usually do) explain why the one-year statute of limitations does not bar their petitions, the Petitioner simply scrawled a check-mark next to the statutory language for § 2244(d)(1)(C). *Id.* at 16. The Petition then advances five arguments in support of its claim to habeas relief—but it never addresses the all-important question of timeliness. *See generally* Petition. This omission is dispositive here.

The Report concluded that the Petition is untimely under each of § 2244(d)(1)'s four subsections. *First*, the Magistrate Judge explained, the Petition fails under § 2244(d)(1)(A), because the applicable one-year limitations period ran unchecked for nearly seven years[4] from October 16, 2001 to April 1, 2008. *See* Criminal Docket at 11; *see also* Report at 3. *Second*, the Report determined that the "Petitioner has not alleged, nor does the record support a finding, that there was a state impediment that should *restart* the limitations period under § 2244(d)(1)(B)." Report at 3 (emphasis added). *Third*, the Report concluded that the Petitioner "does not claim, and the record does not reveal, that *he is entitled to relief* based on a Supreme Court decision, made retroactively applicable to cases on collateral review under § 2244(d)(1)(C)." *Id.* (emphasis added). While the Report acknowledged the check-mark the Petitioner affixed next to the reference to § 2244(d)(1)(C), it noted that the "Petitioner makes no argument regarding this issue and [so] fails to meet his burden to show it was timely[.]" *Id.* at 3–4. The Report then (somewhat oddly) concluded that "*statutory tolling* is not warranted under either § 2244(d)(1)(B) or (C)." *Id.* at 4 (emphasis added). *Fourth*, the Report found that § 2244(d)(1)(D) did not apply "because the state record does not reveal that the statute of limitations should be tolled on the basis of 'new evidence' that would sufficiently restart the limitations period." *Id.*

---

[4] The Report incorrectly calculated this interregnum as lasting eight years, rather than seven. *See* Report at 3. Either way, though, the Petition is untimely under § 2244(d)(1)(A).

3

In 2014, the "Petitioner began litigating in the state trial court whether he was entitled to resentencing pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012)." *Id.* at 4. *Miller* "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479. And, as the Report (and state trial court) have pointed out, the Petitioner *is* eligible for parole, so "the state court never actually resentenced Petitioner." Report at 4–5. As the Magistrate Judge saw it, the Petitioner's inability to obtain "a new judgment" in that proceeding means that he did not "restart the statute of limitations." *See id.* at 4–5 ("The Eleventh Circuit has held that the entry of a later judgment reducing the sentence constitutes a new judgment which would restart the statute of limitations." (citing *Insignares v. Sec'y, Dep't of Corr.*, 755 F.2d 1273, 1278 (11th Cir. 2014))). The Report also found that the Petitioner did not qualify either for equitable tolling or for the actual-innocence exception. *See id.* at 5–7.

In his Objections, the Petitioner chastises the Magistrate Judge for overlooking the possibility that his Petition could be timely under § 2244(d)(1)(C). *See generally* Objections. The Petitioner asserts that his one-year AEDPA clock didn't begin to run until 2016, when the Supreme Court decided that *"Miller* should be applied retroactively" in cases on collateral review. *Id.* ¶¶ 6–7 (citing *Montgomery*, 136 S. Ct. 718). The Petitioner also claims that, on September 26, 2016—244 days after *Montgomery* issued—he filed in state court a Motion to Vacate, which (he says) remains pending. *See id.* ¶¶ 8–9; *see also* Criminal Docket at 9. And, he adds, this pending motion renders his Petition timely under § 2244(d)(1)(C). The problem with this argument, though, is that the state trial court unambiguously denied this motion on February 7, 2019. *See generally* 2019 Order; *see also State v. Davis*, No. 824054CF10B (Fla. Cir. Ct. Feb. 7, 2019).[5]

---

[5] As we discuss below, there's actually a second, bigger problem with this argument, which is that the Petitioner's AEDPA clock began to run way back when *Miller* was issued.

4

## THE LAW

### I. The Standard of Review

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress intended to require *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

"A party filing objections must specifically identify those findings objected to and the specific basis for such objections." *Hidalgo Corp. v. J. Kugel Designs, Inc.*, 2005 WL 8155948, at *1 (S.D. Fla. Sept. 21, 2005). Therefore, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

### II. Timeliness

"[A] person in custody pursuant to the judgment of a State court" has one year to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). That one-year period "runs from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)–(D).

Of course, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not "counted toward any period of limitation under this subsection." § 2244(d)(2). In addition to this "statutory tolling," a petitioner may qualify for "equitable tolling" if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Alternatively, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

## ANALYSIS

The Petitioner argues that his Petition is timely. Citing § 2244(d)(1)(C), he maintains that "his 1 year clock under AEDPA did not begin until 2016 when the United States Supreme Court issued its *Montgomery* decision," which held that *Miller* applies retroactively on collateral review. Objections ¶¶ 3–10. And so, the Petitioner says, the Magistrate Judge should have addressed whether the Supreme Court's decisions in *Miller* and *Montgomery* rendered his Petition timely under § 2244(d)(1)(C). *See id.* ¶¶ 5–11.

The Report acknowledged that, in his state postconviction proceedings, the Petitioner had litigated the applicability of *Miller* to his case. *See* Report at 4. But, on the question of whether § 2244(d)(1)(C) applied, the Report found that the "Petitioner also does not claim, *and this record does not reveal, that he is entitled to relief* based on a Supreme Court decision, made retroactively applicable to cases on collateral review[.]" *Id.* at 3 (emphasis added).

This is not quite right for three reasons. *First*, the Report misstates the law. By requiring the Petitioner to show that he's entitled to relief on the merits under *Miller*, the Report bypassed the precedent question of the Petition's timeliness. If the Report meant to suggest that the Petitioner had failed to show that "he is *entitled to relief*" for the purposes of determining *timeliness*, the Report fastened an undue requirement onto § 2244(d)(1)(C). "[A] statute's plain language controls unless it is *inescapably* ambiguous." *Stansell v. Revolutionary Armed Forces of Colombia*, 704 F.3d 910, 915 (11th Cir. 2013) (cleaned up); *see also CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) ("[W]e begin our construction of a statutory provision where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision.") (cleaned up)). "[T]he sole function of the courts—at least where the disposition required by the [statutory] text is not absurd—is to enforce it according to its terms." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 488 (11th Cir. 2015) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)); *see also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008) ("[The] Court must give effect to the text Congress enacted."). Because § 2244(d)(1)(C) unambiguously starts the "1-year period of limitation" from "the date on which the constitutional right asserted was initially recognized by the Supreme Court," the Report erred in trying to address the right's applicability, rather than its timeliness.

*Second*, while the Report recognized that the Petitioner "check[ed] next to the" reference to § 2244(d)(1)(C), it said nothing about why *Miller* couldn't render the Petition (or, at least, the Petition's

7

*Miller* claims) timely. The Report simply found that, because the "Petitioner ma[de] no argument regarding this issue and fail[ed] to meet his burden to show [the Petition] was timely," statutory tolling under § 2244(d)(1)(C) would be unwarranted. *Id.* at 2–3.

Without question, though, "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). That leniency "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011); *see also Golfin v. Sec'y, Dep't of Corr.*, 276 F. App'x 908, 908 (11th Cir. 2008) ("[W]e will not act as de facto counsel for a *pro se* litigant."). But "[l]iberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations." *Torres v. Miami-Dade Cty.*, 734 F. App'x 688, 691 (11th Cir. 2018). And so, while it's true that the Petitioner advanced no substantive argument under § 2244(d)(1)(C), his decision to check-mark that section should lead us to assess the timeliness of his claims under that provision.

*Third*, while the Report characterized § 2244(d)(1)(C) as a "statutory tolling" provision, it indicated that § 2244(d)(1)(B)–(D) could "restart" the applicable limitations period. Report at 3–4. That, too, is inaccurate. The timeliness provisions of § 2244(d)(1)(A)–(D) plainly outline the dates that trigger the start of the limitations period. The subsection "provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A) (date of final judgment)" and "three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate)." *Zack v. Tucker*, 704 F.3d 917, 923 (11th Cir. 2013) (en banc) (quoting *Pace*, 544 U.S. at 416 n.6). In stark contrast, § 2244(d)(2) *is* a statutory tolling provision that applies during the pendency of a "properly filed

8

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim[.]"

To say that § 2244(d)(1) is a "statutory tolling" provision misstates how these statutory provisions function and confuses the important distinction between subsections (d)(1) and (d)(2). The various triggering provisions of § 2244(d)(1)(B)–(D) do not "restart" any limitations period. Rather, they provide alternative triggering dates on a claim-by-claim basis. *See Zack*, 704 F.3d at 926 (holding "that the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case"). In other words, if any of the claims in a habeas petition implicate § 2244(d)(1)(B)–(D), the Petition qualifies as a "multiple trigger date case"—one where "separate claims have different trigger dates for the running of the statute of limitations[.]" *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 505–06 (11th Cir. 2015) (discussing *Zack*).

With all that cleared up, the Court can now decide whether these issues make any difference at all to the outcome of this case. In short, they do not. In cases where § 2244(d)(1)(C) applies, that provision cannot "resurrect" untimely claims by "piggybacking them on a new claim . . . that is timely with respect to another trigger [date] in § 2244(d)(1)[.]" *Thompson*, 606 F. App'x at 503 (citing *Zack*, 704 F.3d at 925). And so, because the Petitioner does not contest the Magistrate Judge's findings and legal conclusions regarding his Petition's timeliness under § 2244(d)(1)(A), (B), and (D)—and since the Court has determined that the Report's conclusions as to those provisions were correct—only his *Miller* claims could survive via § 2244(d)(1)(C). But the Court need not resolve which claims fall within *Miller*'s scope because, however the merits come out, the Petition would *still* be untimely.

Again, § 2244(d)(1)(C)'s triggering date runs "from . . . the date on which the constitutional right asserted was *initially recognized* by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" § 2244(d)(1)(C) (emphasis added). The Petitioner says that the triggering date for § 2244(d)(1)(C) should be the date

9

on which the Supreme Court issued its decision in *Montgomery* because that was when it announced that *Miller* applies retroactively. *See* Objections ¶¶ 4–10. While this position may make sense, it is (as a legal matter) mistaken. In *Dodd v. United States*, the Supreme Court confronted the question whether 28 U.S.C. § 2255(f)(3)[6]—a provision with language that's substantively identical to § 2244(d)(1)(C)—required a federal prisoner to submit his motion to vacate under § 2255 either (1) one year from "the date the Supreme Court *initially* recognize[d] the right" or (2) one year "from the date on which the right asserted was made retroactively applicable to cases on collateral review." 545 U.S. 353, 356–57 (2005). The Court chose the former interpretation. "[A] federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Id.* at 358–59. The Court reasoned that its construction was consistent with the plain meaning of the statute: "We believe the text of [§ 2255(f)(3)] settles this dispute. It unequivocally defines one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id.* at 357.

In *Dodd*, the Supreme Court recognized that "this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right." *Id.* at 359. Writing for the Court, Justice Sandra Day O'Connor articulated the "potential for harsh results" *Dodd*'s rule created for prisoners seeking to vindicate their rights under newly articulated rules of constitutional law: "[A]n applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year." *Id.* But, she added, courts "are not free

---

[6] That provision states that a one-year limitations period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). The only substantive distinction between § 2255(f)(3) and § 2244(d)(1)(C) is that the latter specifies "the date on which the *constitutional* right asserted was initially recognized[.]" (emphasis added). This distinction doesn't make the least bit of difference here—and, of course, the Petitioner never suggests that it does.

10

to rewrite the statute that Congress has enacted," and "[i]t is for Congress, not this Court, to amend the statute[.]" *Id.* As of this writing, the statute's relevant text remains unchanged.

The Supreme Court's reasoning in *Dodd* applies with equal force to the nearly identical text of § 2244(d)(1)(C). *See Berry v. Whitten*, 827 F. App'x 860, 864 (10th Cir. 2020) ("In *Dodd v. United States*, the Supreme Court rejected [the plaintiff's] textual argument in the context of an identically worded statute." (cleaned up)); *James v. Jones*, 2018 WL 3544344, at *7 (S.D. Fla. June 25, 2018) ("Under AEDPA, the one-year limitations period for a § 2244(d)(1)(C) motion, based on [a] Supreme Court decision, runs from the date of the Supreme Court's decision—not the date on which it was declared retroactive to cases on collateral review."); *cf. Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (applying a prior decision interpreting § 2255(f)(1) to "the similar language of § 2244(d)(1)(A)").

For the Petitioner's *Miller* claims to be timely, then, the Petitioner had to file his Petition one year from the date on which *Miller* issued. *Compare Dodd*, 545 U.S. at 358–59 (holding that, when the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion," and adding that, because the petitioner did not file his motion until more than one year after the relevant Supreme Court decision, the motion was untimely), *with Weeks v. United States*, 382 F. App'x 845, 848 (2010) ("Weeks' § 2255 motion was based on the Supreme Court's holding in *Santos*, which was decided on 2 June 2008. Because Weeks filed his § 2255 motion within one year of that date, on 1 June 2009, his motion met the one-year filing deadline.").

Since *Miller* issued on June 25, 2012, a petition advancing a *Miller* claim had to be filed by June 25, 2013 (absent any tolling that might have occurred in state court). But the Petitioner did not file *anything* in either federal or state court during that time.[7] *See* Criminal Docket at 10. Indeed, the

---

[7] And, of course, any state-court motions filed after that deadline would not toll an already-expired statute of limitations. *See, e.g.*, *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court

11

Petitioner does not even suggest that he filed any tolling motions during that one-year period. *See generally* Petition; Objections. The Petition, in short, is untimely.[8]

\* \* \*

Having carefully reviewed the record and the governing law, the Court hereby **ORDERS AND ADJUDGES** that the Report is **ADOPTED IN PART** and **REJECTED IN PART** as reflected in this Order. The Petition is **DISMISSED** as untimely [ECF No. 1]. Any pending motions are **DENIED as moot**. Any demands for an evidentiary hearing—or requests for a Certificate of Appealability—are **DENIED**. All deadlines are **TERMINATED**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of February 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  Leroy Davis
   088398
   Everglades Correctional Institution
   B1-130L
   Inmate Mail/Parcels
   1599 SW 187th Avenue
   Miami, FL 33194
   PRO SE

   Noticing 2254 SAG Broward and North
   Email: CrimAppWPB@MyFloridaLegal.com

---

petition like Tinker's that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (cleaned up)).

[8] Since the Petitioner never objected to any other aspect of the Report, *see generally* Objections, the Court has reviewed the balance of the Report for clear error. *See* FED. R. CIV. P. 72 advisory committee's notes ("When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). And, finding none, the Court now **ADOPTS** the rest of the Report in full.